UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER NELSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VIVAKOR, INC., a Nevada Corporation; VIVAKOR ADMINISTRATION, LLC, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02101-DOC-DFM<br><br>AMENDED STIPULATED JUDGMENT<br><br>Judge: Hon. David O. Carter<br>Ctrm: 10A |

This Amended Stipulated Judgment is entered into by and between Plaintiff Tyler Nelson ("Plaintiff"), on the one hand, and Defendants Vivakor, Inc. Vivakor Administration, LLC ("Vivakor Defendants") and James Ballengee, Edgewood Energy Marketing, LLC, Ballengee Holdings, LLC, White Claw Crude, LLC, JBAH Holdings, LLC, Jorgan Development, LLC, Silver Fuels Delhi, LLC, White Claw Colorado City, LLC, Vivaventures Remediation Corporation, Vivakor Supply & Trading, LLC, Vivakor Operating, LLC, VM Facilities, LLC, Vivakor Transportation, LLC, Vivakor Midstream, LLC, Silver Fuels Processing, LLC, Meridian Equipment Leasing, LLC, Endeavor Crude, LLC,CPE Gathering Midcon, Equipment Transport LLC, and ET EmployeeCo, LLC "Additional Defendants", Vivakor Defendants and Additional Defendants collectively "Defendants"), jointly and severally, on the other hand (collectively referenced as the "Parties").

-1-

**IT IS HEREBY STIPULATED** by and between the Parties as follows:

1.      On November 5, 2025, the Parties executed a Settlement Agreement and General Release (the "Agreement") to resolve all outstanding legal disputes between Plaintiff and the Vivakor Defendants.

2.      Plaintiff filed the Complaint in this action on August 11, 2025.

3.      The terms of this Amended Stipulated Judgment shall be governed by the laws of the United States of America and the laws of the State of California.

4.      This Court has jurisdiction over this action, and venue is proper in this Court.

5.      Under the Agreement, the Vivakor Defendants agreed to pay to Plaintiff the total amount of Two Million US dollars ($2,000,000 USD), (the "Settlement Amount") in the following four installments:

   a. Vivakor Defendants will pay Two Hundred Fifty Thousand Dollars ($250,000) to Nelson on the same day that this Agreement is signed by Nelson. This amount shall be for alleged wage losses, from which all customary payroll withholdings and all federal, state and local payroll, income and employment taxes shall be withheld and timely reported and paid to the respective government authority, and which amount will be reported on an IRS Form W-2. Vivakor Administration will pay this amount through its payroll provider.

   b. Vivakor Defendants will pay to Nelson One Hundred Thousand Dollars ($100,000) within 30 days of the date this Agreement is signed by Nelson. This amount shall be for alleged wage losses, from which all customary payroll withholdings and all federal, state and local payroll, income and employment taxes shall be withheld and timely reported and paid to the respective government authority, and which amount will be reported on an IRS Form W-2. Vivakor Administration will pay this amount through its payroll provider.

   c. Vivakor Defendants will pay to Nelson One Hundred Thousand Dollars ($100,000) within 60 days of the date this Agreement is signed by Nelson. This amount shall be for alleged wage losses, from which all customary payroll withholdings and all federal, state and local payroll, income and employment taxes shall be withheld and timely reported and paid to the respective government authority, and which amount will be reported on an IRS Form W-2. Vivakor Administration will pay this amount through its payroll provider.

- 2 -

d. Vivakor Defendants will pay to Nelson the remaining One Million Five Hundred Fifty Thousand Dollars ($1,550,000) within 90 days of the date this Agreement is signed by Nelson. This amount shall be for alleged non-wage damages, including attorney's fees and costs, which amount will be reported on an IRS Form 1099. Vivakor Administration will pay this amount directly to Nelson by wire transfer of immediately available funds to the bank account designated in writing by Nelson at least five (5) days prior to such payment.

6. Pursuant to the Agreement, if Vivakor Defendants failed to make any payments in the preceding paragraph, Plaintiff was entitled to seek to reopen the case and file the Stipulated Judgment immediately.

7. In connection with filing the Stipulated Judgment, Plaintiff was required to file a declaration under penalty of perjury indicating that Vivakor Defendants failed to make one of the payments by the applicable due date, and specifying the nature of the default and the amount of any payments made by Vivakor Defendants under the Agreement prior to the date of default, and requesting that judgment be entered for any remaining amounts, with no further showing required.

8. On February 21, 2026, Plaintiff lodged a Stipulated Judgment and declaration, and on March 18, 2026 the Court, entered judgment in favor of Plaintiff against the Vivakor Defendants in the amount of One Million Five Hundred Fifty Thousand Dollars ($1,550,000 USD), which constituted $2 million less the amount paid by Vivakor Defendants under the Agreement prior to the date of default.

9. On February 20, 2026, Plaintiff filed suit against the Vivakor Defendants and the Additional Defendants, *Nelson v. Vivakor et al.*, Case No. 2:26-cv-01885-DOC-DFM (*Nelson II*).

10. On June 8, 2026, the Parties in Nelson II entered into a Settlement Agreement and General Release (the "Agreement") to resolve all outstanding legal

- 3 -

disputes between the Parties in *Nelson II*.

11. As part of the Agreement, the Additional Defendants are to be added to the *Nelson 1* Stipulated Judgment.

12. Plaintiff shall have the right to recover his reasonable attorneys' fees and costs associated with the filing of this Amended Stipulated Judgment and any event, dispute, or process (including, but not limited to, collections, court process, or arbitration) arising from same.

13. Defendants will accept notice of entry of Amended Stipulated Judgment entered in this action by delivery of such notice to its counsel of record by certified mail or by the ECF system, and agree that service of notice of entry of judgment will be deemed personal service upon it for all purposes.

14. It is agreed that this Stipulation may be signed in counterparts, each copy having the same force and effect as an original. It is further agreed that electronic signatures may serve as originals for the purposes of this Stipulation.

**IT IS SO STIPULATED.**

Date: June 23, 2026

_____
Hon. David O. Carter
United States District Judge

- 4 -